IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| CONNIE L. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-573-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

Alan Stuart Graf, P.C.
P.O. Box 98
Summertown, Tennessee  38483

    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

Page 1 - OPINION AND ORDER

      Thomas M. Elsberry
      Special Assistant United States Attorney
      Social Security Administration
      701 5th Avenue, Suite 2900 M/S 901
      Seattle, Washington  98104-7075

           Attorneys for Defendant

KING, Judge:

      Plaintiff Connie L. Ellis brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB").  I reverse the decision of the Commissioner and remand for further proceedings.

## DISABILITY ANALYSIS

      The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

      The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

Page 3 - OPINION AND ORDER

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Bustamante, 262 F.3d at 954. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Ellis had severe impairments of iliopsoas tendonitis,[1] fibromyalgia, and right shoulder impingement syndrome. However, the ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations. Further, the ALJ found that Ellis did not have a severe mental impairment prior to her date last insured, December 31, 2004. After considering the record, the ALJ found that Ellis'

---

[1] In the hip flexor.

Page 4 - OPINION AND ORDER

statements on the intensity, persistence, and limiting effects of her symptoms were not entirely credible. The ALJ determined that Ellis had the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; to stand and walk 6 hours out of an 8-hour day; and to sit 6 hours out of an 8-hour day. Based on vocational testimony, the ALJ concluded that Ellis could perform her past work of security guard and fast food worker.

## FACTS

Ellis, who was 49 years old at the time of the ALJ's opinion, attended school through the eleventh grade. She has worked as a fast food worker, security guard, housekeeper, and dancer. Ellis alleges she became disabled as of October 1, 2002 due to iliopsoas tendonitis, fibromyalgia, right shoulder impingement syndrome, and depression.

Ellis had surgery to release the tendon in her left hip in April 2003, the same surgery on her right hip in May 2004, and surgery on her right shoulder in June 2006.

At the hearing, Ellis explained that even after the surgeries and while taking narcotic pain medications, she still has a constant dull ache in both hips at a seven to eight out of ten on a pain scale. Similarly, Ellis' burning, aching neck pain never drops below a level of ten, even at the hearing. Her right shoulder causes pain if she raises her hand above shoulder height. Ellis has trouble gripping anything in her right hand. The trigger point injections help the pain for a week or two and she uses a TENS unit at times. Sleeping also helps. At the time of the hearing, Ellis was taking methadone and percocet for pain relief. They cause her to sleep for four to five hours during the day. At night, Ellis is up for 20 minutes after every hour of sleep because she cannot get comfortable due to the pain.

Page 5 - OPINION AND ORDER

Ellis lives with her husband. In March 2004, Ellis performed most of the household chores by spreading them out throughout the day. She and her husband lived in a third-floor apartment and Ellis was having trouble walking the stairs. By her hearing in August 2006, they had moved to a trailer so that Ellis would not have to climb stairs. By then, her husband was performing most of the household chores, with Ellis helping when possible. She can only work on a task for about 20 minutes at a time. She then needs to rest lying down for four or five hours. Two or three days a week Ellis spends the entire day in bed.

Concerning her symptoms caused by depression, Ellis states that she cries all the time and at times has outbursts of screaming and yelling, although at a reduced frequency after a change in medication. The medication has also stopped the suicidal thoughts.

## DISCUSSION

I.    <u>Ellis' Subjective Complaints</u>

Ellis contends that the ALJ did not give sufficient reasons to reject her complaints of pain. She argues that the entirety of the treatment record shows that she returned time and time again for periodic trigger point injections and methadone and percocet refills. According to Ellis, the ALJ based his conclusion on a single medical record from August 30, 2004 and ignored the numerous other records from before and after that date which demonstrate that she was suffering significantly from the pain. Ellis argues that the numerous trigger point injections, as well as the resort to strong narcotic pain medication, is atypical treatment reserved for stronger pain. She also contends that her daily activities are consistent with her complaints of debilitating pain.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must (1) produce

objective medical evidence of one or more impairments; and (2) show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996). The claimant is not required to produce objective medical evidence of the symptom itself, the severity of the symptom, or the causal relationship between the medically determinable impairment and the symptom. The claimant is also not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. Id. at 1282. In the second stage of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of the symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings stating clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. Id. at 1284.

Although the ALJ cannot reject subjective pain testimony solely because it was not fully corroborated by objective medical evidence, medical evidence is still a relevant factor in determining the severity of the pain and its disabling effects. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In finding that Ellis was not entirely credible, the ALJ concluded that her allegation of debilitating pain was not consistent with the treatment record. The ALJ relies on a treatment note from August 30, 2004 in which Ellis reported "marked improvement" in the pain since she was put on methadone, specifically that she could manage 12 hours without significant pain and had not noticed excessive sedation. Tr. 311. The ALJ also noted that no physician ever prescribed a cane or wheelchair for Ellis, although she used them at times, and no physician ever

Page 7 - OPINION AND ORDER

told her to lie down during the day. Moreover, the treating orthopedist recommended that Ellis stop dancing but did not give her other limitations.

I agree with Ellis that the ALJ relied too much on a single treatment note which shows improvement after starting her on methadone. The other treatment notes–spanning several years–do not state the severity of Ellis' pain. Instead, they note that the pain continues, refill the narcotic prescriptions, and every three to four months note that the physician administered another round of multiple trigger point injections. It does not appear that any of the treating physicians were asked to comment on Ellis' limitations. Ellis was not sent for an examination to determine her functional capacities. With the extensive treatment Ellis receives to control her pain, I cannot say that the ALJ gave clear and convincing reasons for rejecting her credibility. I do note, however, that there is some indication that Ellis exaggerates how she describes her pain at times, specifically her statement that her neck pain is always at a ten out of ten level, including at the hearing, in spite of the treatment. I do not think someone suffering from pain that severe could answer questions at a hearing without breaking down.

Accordingly, I find that the ALJ did not properly reject Ellis's subjective symptom testimony.

II.     Remedy

The court has the discretion to remand the case for additional evidence and findings or to award benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant

disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Id. On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

I do not think the record is sufficient to make a finding of disability. Consequently, I will remand the case. The ALJ may reconsider Ellis' credibility. I also suggest that the ALJ get additional information from Ellis' treating physicians about her functional capacity and whether she has any side effects from the medication that would cause her to rest during the day.

///


///

Page 9 - OPINION AND ORDER

## CONCLUSION

The decision of the Commissioner is reversed.  This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above.  Judgment will be entered.

IT IS SO ORDERED.

Dated this _____11th_____ day of February, 2008.

                                        __/s/ Garr M. King_____
                                        Garr M. King
                                        United States District Judge